## In re COMANEL.

(District Court, D. Montana.   October 18, 1923.)

### No. 120.

**I. Aliens ⊜69—Bureau is without power to change rules of evidence in naturalization proceedings.**

Comp. St. § 4383, authorizing the Secretary of Commerce and Labor to make rules and regulations necessary for properly carrying the act into effect, does not vest him with power to change any rules of evidence.

**2. Aliens ⊜69—Certified copies held admissible in naturalization proceedings.**

Under Comp. St. § 4383, providing that certified copies of all papers, documents, certificates, and records required to be used or kept "shall be admitted in evidence equally with the originals," certified copies of an alien's declaration of intention and certificate of entry, the originals of which were filed with an abandoned petition for naturalization, may be attached to and made a part of a subsequent petition with equal effect as the originals.

Petition of Constantin Comanel for admission to citizenship. Granted.

W. H. Meigs, Asst. U. S. Atty., of Helena, Mont.

BOURQUIN, District Judge.   To be attached as they were to his petition for naturalization herein, the applicant presented a typewritten copy of his declaration of intention and a like copy of a certificate of his entry into the country.   These copies are certified by the clerk of a state court wherein the originals are part of the court's records, by reason of having been attached to a like petition in that court by the applicant made and abandoned.

[1] The federal representative objects that these copies are prohibited by the Bureau of Naturalization's rule 10, and on that ground he objects to applicant's admission to citizenship.   Rule 10 provides that clerks of courts will be supplied with "all blank forms * * * to be used in the naturalization of aliens, and these forms must be obtained exclusively from the Bureau; * * * none others being official." Pretermitting the extent that Congress can vest bureaus with control over courts and their clerks, certain it is that by the Naturalization Act (34 Stat. 596) it has not vested this bureau with power to change any rules of evidence, much less any when the result would be in derogation of the act itself.

[2] By virtue of the act, declarations of intention are made in duplicate, one of which the declarant receives.   Both are original and primary.   When the declarant petitions for naturalization, his duplicate, as evidence of his declared intent, is required to be filed, and is attached to the petition, thereupon becoming part of the records of the court in which the petition is made.   And the act provides (Comp. Stat. § 4383) that certified copies of any such "papers * * * required to be * * * filed * * * shall be admitted in evidence equally with the originals in any and all proceedings under this" Act.   It follows that, if the bureau would apply rule 10 to this copy of the declaration, the rule is invalid in any event.   The copy is competent

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

evidence, and equally as would be a copy of the duplicate retained by the court wherein the declaration was made.

In reference to the copy of certificate of entry, the act requires such a certificate to be likewise filed and attached, likewise becoming a record of the court. As issued by the department, this certificate is not a copy of any record, but is a statement of facts gathered from records, and is itself original and primary. For reasons aforesaid, the certified copy of the instant certificate of entry is not a copy of a copy, but is a copy of the original, and it is competent evidence. Furthermore, copies of copies that have become public records, and in consequence original and primary, are competent evidence by the greater weight of authority.

To safeguard naturalization, and to vest a bureau with supervisory power to that end, is wise; but too much managerial detail is aggravating "red tape," without useful function. The objections are overruled, and the petitioner is admitted to citizenship.

Decree accordingly.